UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNOLD KOKANS, | : |
| Plaintiff, | : Civil Action No. 14-6560 (FLW)(DEA) |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| ACB RECEIVABLES MANAGEMENT, INC., | : |
| Defendant. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Defendant to vacate the entry of default [Dkt. No. 7]. Defendant's Motion is unopposed. For the reasons set forth below, Defendant's Motion to vacate the entry of default is GRANTED.

**I.    BACKGROUND**

Plaintiff's Complaint was filed on October 22, 2014 and asserts claims arising under the Fair Debt Collection Practices Act ("FDCPA"). *See* Dkt. No. 1. Defendant's response to Plaintiff's Complaint was due on November 28, 2014. *See* Dkt. No. 4. On February 11, 2015, Plaintiff requested the entry of default and on February 18, 2015, the Clerk of the Court entered default against Defendant. *See* Dkt. No. 6. Defendant filed the present Motion to vacate the entry of default on February 24, 2015. *See* Dkt. No. 7.

**II.    DISCUSSION**

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55. Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default rests within the court's discretion, and

1

courts generally disfavor entry of default judgment. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244-45 (3d Cir. 1951). In exercising its discretion to vacate the entry of default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985). The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default ... so that cases may be decided on their merits." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984) (quotations omitted).

  First, Plaintiff will not be prejudiced by vacating the entry of default. While the Court is mindful of Plaintiff's desire to move a case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." *Itche Corp. v. G.E.S. Bakery, Inc.*, 2008 WL 4416457 at *2 (D.N.J. Sept. 24, 2008) (citing *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656–57 (3d Cir. 1982)). Prejudice under this prong accrues due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.* "[T]he inevitable dimming of witnesses' memories" is also recognized as a form of prejudice. *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir.1984). Here, Plaintiff does not claim that he will be prejudiced by vacating the entry of default and allowing Defendant to file an Answer and there is no indication or assertion that any evidence has been lost or that Plaintiff will experience any increased difficulty in obtaining relevant discovery. Accordingly, the Court finds that this factor weighs in favor of vacating default.

Second, Plaintiff has not argued that the delay in this case was due to any culpable conduct by Defendant. Culpable conduct, in the context of Rule 55(c), requires an examination of the "willfulness" or "bad faith" of a non-responding Defendant. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir. 1984). Here, Defendant claims that its delay in responding to Plaintiff's Complaint was due to an internal administrative error which resulted in Plaintiff's Complaint being unintentionally omitted from a submission of similar cases to Defendant's counsel for review. According to Defendant, when Plaintiff moved for the entry of default, Defendant realized its error and immediately contacted counsel and moved to set aside the entry of default. Based on the record before the Court, it appears that any delay was caused by Defendant's error and was not the product of willfulness or bad faith. Therefore, the Court finds that this factor also weighs in favor of vacating the entry of default.

Finally, the Court must determine whether Defendant has raised a meritorious defense. A meritorious defense is one that if established at trial, would constitute a complete defense to the action. *$55,518.05 in U.S. Currency,* 728 F.2d 192 at 195. The defendant is required to "'set forth with some specificity the grounds for his defense.'" *Id.* The court then "look[s] at the substance of that defense to determine whether it is meritorious." *Id.* (citation omitted). But the court "need not decide the legal issue' at this stage of review." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)).

Plaintiff claims that in violation of 15 U.S.C. § 1692(f), Defendant "unfairly and improperly created notices for mass-distribution to consumers which were mailed in window envelopes in which Plaintiff's account numbers were visible." Compl. at ¶ 45. While Plaintiff's actual account was not visible through the envelope, Plaintiff alleges that the envelope revealed a quick response bar code ("QR Code") that "when scanned, reveals the name of Defendant, the

account number, and the monetary amount of Plaintiff's alleged debt." *Id.* Defendant claims that is "did not employ a QR system that when scanned would reveal any debtor's information." Dkt. No. 7 at p. 3. Instead, Defendant states that it used a "bar code system" which "did not have information regarding the identity of the debtor or the amount of the debt" and in order to "uncover what the bar code reveals, the scanning software would need to interface with [Defendant's] closed computer system." *Id.*

Section 1962f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. Subparagraph 8, which is the basis of Plaintiff's claim, prohibits:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id.* at § 1692f(8). The Third Circuit has held that "[t]he plain language of § 1692f(8) does not permit [a debt collector's] envelope to display an account number." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Following *Douglass*, Courts in the Third Circuit have addressed claims in which debt collection letters were mailed with a visible QR Code that when scanned by certain devices, including smartphones, reveals identifying information of the recipient, including their account number. *See Styer v. Prof'l Med. Mgmt., Inc.*, 2015 WL 4394032 (M.D. Pa. July 15, 2015); *Kostik v. ARS Nat. Servs., Inc.*, 2015 WL 4478765, at *2 (M.D. Pa. July 22, 2015). In *Styer*, the Court found that a QR Code, which when scanned would reveal an individual's account number, "is a piece of information capable of identifying [a plaintiff] as a debtor . . . [and] exposes [a plaintiff] to the potential harm that the FDCPA was enacted to eliminate." *Styer,* 2015 WL 4394032, at *7.

Here, Defendant contends that the bar code utilized on the notice sent to Plaintiff does not violate the FDCPA because "[w]ithout the interfacing software and access to [Defendant's] computer files, there is no information that can be gleaned from the bar code" and therefore the display of the bar code "does not result in the disclosure of private information." Dkt. No. 7 at p. 3. Although the notice sent by Defendant did include a bar code, according to Defendant, unlike a QR Code, which can be scanned by members of the public to reveal an individual's information, Defendant's bar code does not reveal any information without interfacing with Defendant's "closed computer system." *Id.* Accordingly, the Court finds that at this early phase of litigation, Defendant's contention that its bar code could not reveal any identifying information to the public is enough to consider its defense meritorious. Therefore, because all of the factors weigh in favor of vacating default and the Court finds that vacating the entry of default in this matter is proper, Defendant's Motion is GRANTED.

### III.     CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 4th day of August, 2015,

**ORDERED** that Defendant's Motion to set aside default [Dkt. No. 7] is **GRANTED**; and it is further

**ORDERED** that Defendant's Answer shall be filed no later than 14 days from the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge